108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maria Rowena Mojica BASA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70298.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Maria Rowena Mojica Basa, a native and citizen of the Philippines, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying her applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petition.
 
 
 3
 We review the BIA's determination of eligibility for asylum for substantial evidence on the record considered as a whole. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To reverse the BIA's factual findings, we must conclude that "no reasonable factfinder could fail to find the requisite fear of persecution." See id.
 
 
 4
 Basa contends that the BIA's determinations that Basa did not have a well-founded fear of persecution on account of political opinion and that alleged threats to Basa's life and freedom did not amount to persecution were not supported by substantial evidence of record. These contentions lack merit.
 
 
 5
 An applicant for asylum must demonstrate that she is eligible for asylum and that she is entitled to asylum as a matter of discretion. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). To show eligibility for asylum, an applicant must demonstrate that she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To make out a claim of persecution based on political opinion, an applicant must establish "(a) that he or she has been a victim of persecution; (b) that he or she holds a political opinion; (c) that this political opinion is known to or imputed by the persecutors; and (d) the ensuing persecution of the victim has been or will be on account of this opinion." See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 6
 Basa testified that, from her birth in 1976 until she left the Philippines in 1991, she lived with her father, Manuel Basa, a General Sales Manager for Coca-Cola Bottling Company-Philippines. Beginning in July of 1990, the New People's Army ("NPA") began threatening her father. They sent him a letter requesting money, which her father did not respond to. The NPA then disrupted deliveries of Coca-Cola and killed a Coca-Cola employee at her father's plant. On two occasions, an individual identifying himself as a member of the NPA called Basa's house, and told her that her father should cooperate with the NPA or the family would be in danger. Basa's father, fearing for his family's safety, sent Basa, her mother, and three brothers to the United States in July of 1991. Basa testified that she has never belonged to any political group herself.
 
 
 7
 Even if Basa could successfully make out a claim that she was persecuted, she is unable to show that she had a political opinion, or that the NPA imputed any political opinion to her. See Sangha, 103 F.3d at 1490. The record does not show that the NPA had any reason to threaten her father other than to extort funds, a species of harassment not set out in one of the five enumerated categories. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992).
 
 
 8
 Basa's contention that she is eligible for withholding of deportation fails as well. Because she has not shown even a well-founded fear of persecution, she cannot meet the higher standard of clear probability of future persecution necessary for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3